38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tommy Wayne SIMPSON, Petitioner-Appellant,
v.
Phil PARKER, Warden, Respondent-Appellee.
 No. 94-5442.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 Before: MARTIN, NELSON and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1971, Tommy Wayne Simpson was convicted of armed robbery and malicious shooting and wounding with intent to kill. He was sentenced to serve a term of twelve years of imprisonment. After serving only six months of his sentence, Simpson escaped.
 
 
 3
 In 1975, while still a fugitive, Simpson robbed a bank. While fleeing from the bank, Simpson was shot and wounded by a Middlesboro, Kentucky, police officer. The officer arrested Simpson and transported him to a nearby hospital where Simpson was turned over to the custody of federal law enforcement agents. Simpson was convicted on federal bank robbery charges and sentenced to a term of imprisonment.
 
 
 4
 In 1985, Simpson was transferred to the custody of Kentucky authorities to face charges of second degree escape. Simpson entered a plea of guilty; the twelve-year term of imprisonment, originally imposed in 1971, was reinstated.
 
 
 5
 In his petition for a writ of habeas corpus, Simpson challenged the legality of his conviction and sentence for second degree escape. He maintained that he had been denied due process because Kentucky lost jurisdiction over him and forfeited its right to prosecute him for the escape when he was released to federal authorities in 1975.
 
 
 6
 Upon review, we conclude that the petition was properly dismissed. Although Simpson sought initial review of his claims through state habeas corpus proceedings, he failed to present a timely motion for discretionary review to the Kentucky Supreme Court. That court denied a subsequent request for leave to file a delayed motion for discretionary review. Because Simpson failed to comply with an independent and adequate procedural rule, he is not entitled to review in federal court unless he satisfies both prongs of the cause and prejudice test or demonstrates that the failure to consider his federal claim will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991). He has not done so.
 
 
 7
 Simpson has shown cause to excuse the procedural default. The record supports his allegation that an objective external factor, late receipt of a decision from the Kentucky Court of Appeals, prevented his compliance with a state procedural rule. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Nonetheless, Simpson is not entitled to federal habeas review because he has not shown actual prejudice resulting from the procedural default. See id. at 494.
 
 
 8
 He cannot show prejudice because his claim lacks merit. Contrary to Simpson's contention, Kentucky did not forfeit its right to prosecute him for escape by releasing him to federal authorities in 1975. Central to Simpson's claim is his assertion that the police officer who apprehended him following the bank robbery had notice that a warrant had been issued following the escape, and that the arrest was pursuant to that warrant. The flaw in Simpson's argument is that he was not being held in custody on the escape warrant when he was turned over to federal authorities. The state court found he was never held by the Commonwealth of Kentucky on state charges during the period in question. The state court's finding must be presumed correct because Simpson has not shown by convincing evidence that it is erroneous. See Sumner v. Mata, 455 U.S. 591, 596-97 (1982) (per curiam). Notably, the arresting officer's affidavit describing the arrest supports a finding that Simpson was being held by the state official solely as a result of the bank robbery.
 
 
 9
 Finally, Simpson has not shown that the failure to consider his federal claim would result in a fundamental miscarriage of justice. Under the facts of this case, Simpson cannot show that Kentucky had waived jurisdiction to prosecute him for escape, nor has Simpson asserted that he is innocent of the conduct which resulted in his conviction.
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.